Scottlynn J Hubbard IV, SBN 212970
Stephanie L. Ross, SBN 297840
**Disabled Advocacy Group, APLC**
12 Williamsburg Lane
Chico, California 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244
Email: USDCCentral@HubsLaw.com

Attorneys for Martin Vogel

United States District Court

Central District of California

| | |
|---|---|
| Martin Vogel,<br><br>    Plaintiff,<br><br>    vs.<br><br>Ariston Enterprises, Inc. dba Everest; Dino G Bicos, Trustee of the Bicos Trust Dated January 1, 2003; Kalli Bicos, Trustee of the Bicos Trust Dated January 1, 2003,<br><br>    Defendants. | Case No. 2:17-cv-02050-FMO-AFM<br><br>**Application for Rule 56(d) continuance**<br><br>[Fed. R. Civ. P. 56(d)]<br><br>Date:    August 31, 2017<br>Time:   10:00 a.m.<br>Room:  6D |

## BACKGROUND

On July 31, 2017, defendants Ariston Enterprises, Inc. dba Everest; Dino G Bicos, Trustee of the Bicos Trust Dated January 1, 2003; and, Kalli Bicos, Trustee of the Bicos Trust Dated January 1, 2003 (collectively "Defendants"), moved for summary judgment. Docket No. 23. To oppose this motion, plaintiff Martin Vogel ("Vogel") will need to inspect Defendants' Facility, and obtain photos and measurements of the elements at issue. Unfortunately, Vogel has not had a chance to obtain an expert report, as his properly noticed site inspection is not scheduled to take place until September 5, 2017, nearly a week after Defendants' motion hearing date. Moreover, discovery is open for another *fifteen weeks* and closes on November 16, 2017. Docket No. 20. Finally, Defendants' motion does not conform to the Court's Order re: Summary Judgment Motions (Docket No. 21) which requires the Parties to file a Joint Brief in lieu of individual motion, opposition, and reply papers. Considering that the deadline for filing summary judgment motions is December 15, 2017, and Plaintiff has not had an opportunity to obtain the essential evidence necessary to oppose the motion, and Plaintiff was not given the opportunity to join Defendants in a Joint Brief as required by the Court, Vogel thus requests that the Court continue Defendants' motion until he has a chance to complete discovery.

## DISCUSSION

Under Rule 56(d), the court must deny or continue a motion for summary judgment if an opposing party can show that "for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d). Indeed, Rule 56(d) "requir[es], rather than merely permit[s], discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846

1 (9th Cir.2001).  The opposing party "must identify the specific facts that further discovery would reveal and explain why these facts would preclude summary judgment."  *Tatum v. San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006). "Defendant[ ] must show (1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.  *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).

In this case, discovery has not yet closed.  Indeed, discovery is open for three and a half more months from today's date.  Moreover, Plaintiff has attempted to get the necessary discovery from Defendants by way of noticed site inspection: Plaintiff first noticed a Rule 34 site inspection for August 17, 2017, and served Defendants with that notice on June 20, 2017.  (*See* Decl. of Scottlynn J Hubbard in Support of Mot. for Continuance, filed concurrently herewith, ¶ 6.)  After serving this initial Rule 34 site inspection notice on Defendants, Plaintiff's expert notified Plaintiff's counsel that he was no longer available to conduct the site inspection on August 17, 2017.  *Id.* ¶ 7.  Plaintiff served an amended Rule 34 site inspection request on Defendants on July 28, 2017.  *Id.* The Rule 34 site inspection is currently set to take place on September 5, 2017.  *Id.*  Despite knowing as early as June 20, 2017 that Plaintiff intended to conduct a Rule 34 site inspection, Defendants filed their motion for summary judgment anyway, ostensibly in an effort to forestall Plaintiff's right to discovery.

Pursuant to the mandates of Rule 56(d), Plaintiff has identified information he has not had an opportunity to discover.  Specifically, Vogel asserts that he must conduct the following discovery: (1) inspect the Facility; (2) identify and document the barriers alleged in Plaintiff's complaint; (3) and

obtain expert testimony on those barriers. (Decl. of Scottlynn J Hubbard ¶ 3) Plaintiff contends that such discovery is required to support his claims regarding the alleged structural barriers on Defendants' premises. As such, Plaintiff must have some opportunity to pursue necessary discovery in order to make a proper response. *See, e.g. Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes*, 323 F.3d 767,774 (9th Cir.2003) (finding the district court's denial of defendants' Rule 56(f) motion was an abuse of discretion because the summary judgment motion was filed so early in the litigation that no discovery had yet taken place; thus, defendants did not have a reasonable opportunity to uncover facts before their opposition to the motion was due); *cf. Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir.1998) (holding that denial of Rule 56(f) motion was proper where the plaintiff had failed to pursue discovery for over a year); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1997) (same). Ergo, in light of the need for discovery (*i.e.*, to obtain the essential facts necessary to fashion an intelligent response), Vogel would ask the court to deny Defendants' motion with leave to re-file after the close of discovery.

## CONCLUSION

For the reasons stated above, Vogel asks the court to delay Defendants' motion for summary judgment until after the close of discovery.

Dated: August 2, 2017         DISABLED ADVOCACY GROUP, APLC


/s/     *Stephanie L. Ross*              /
Stephanie L. Ross
Attorney for Plaintiff Martin Vogel